_jjLEON A. CANNIZZARO, JR., Judge.
This case involves an appeal by the Louisiana Department of Public Safety and Corrections (the “Department”) from a judgment in favor of Dennis Hess. The judgment was rendered on a rule to show cause why Mr. Hess’ driver’s license should not be reinstated.
FACTS AND PROCEDURAL HISTORY
On September 27, 2004, Mr. Hess filed a Petition to Get Hardship Driver’s License. In his petition he alleged that his driver’s license was currently suspended, that he was successfully addressing the legal matters that had caused his driver’s license to be suspended, and that he needed a hardship driver’s license, because his job “requires that he drive.” The trial court issued an order to the Department, which was signed on September 29, 2004, ordering the Department to show cause on November 4, 2004, why Mr. Hess should not have his driver’s license reinstated.
The matter was heard by the trial court on November 4, 2004, but the Department was not present at the hearing. A judgment requiring the Department to reissue Mr. Hess’ driver’s license was rendered on November 10, 2004. The Department is now appealing that judgment.
| .DISCUSSION
Assignments of Error
The Department has raised two assignments of error. First, the Department contends that the trial court erred in holding the hearing on November 4, 2004, because the Department did not receive timely notice of the hearing as required by La. R.S. 32:414(F)(4).[1] Second, the Department contends that the trial court judgment should be reversed, because Mr. Hess obtained a default judgment against the Department without complying with the requirements of La. C.C.P. art. 1704, which establish the procedure that must be followed in confirming a default judgment against the state and its political subdivisions. Because we find that the second assignment of error is dispositive of this appeal, we need not address the first assignment of error.
Confirmation of a Default against the State
La. C.C.P. art. 1704(A) provides:
Notwithstanding any other provision of law to the contrary, prior to confirmation of a judgment of default against the state or any of its departments ... a certified copy of the minute entry constituting the judgment entered pursuant to Article 1701 [relating to the taking of a default judgment], together with a certified copy of the petition or other demand, shall be sent by the plaintiff or his counsel to the attorney general by registered or certified mail, or shall be served by the sheriff personally |supon the attorney general or the first assistant attorney general at the office of the attorney general.
An affidavit of mailing with the return receipt attached must be placed in the record, if the documents are mailed. Id. The same procedure that is set forth in La. *700 C.C.P. art. 1704(A) must be followed with respect to giving notice to the proper agent or person for service of process at the office of the agent or person. La. C.C.P. art. 1704(C).
In the instant case not only was the procedure required by La C.C.P. art. 1704 not followed by Mr. Hess, the trial court rendered a final judgment without first requiring that a judgment by default be taken in accordance with La. C.C.P. art. 1701(A).[2] Therefore, we find that the trial court erred in rendering a final judgment requiring that the Department reinstate Mr. Hess’ driver’s license.
Failure to State a Cause of Action
La. C.C.P. art. 927(B) provides in relevant part that “the failure to disclose a cause of action ... may be noticed by either the trial or appellate court of its own motion.” La. R.S. 32:415.1(A)(1) provides in relevant part that “upon suspension, revocation, or cancellation of a person’s driver’s license for the first time only ... said person ... shall have the right to file a petition ... alleging that the revocation ... will prevent him from earning a livelihood.... ” (Emphasis added.) In the instant ease, Mr. Hess does not include an allegation in his pleadings that the current suspension of his driver’s license was his first suspension. Therefore, on |4our own motion we notice the failure of Mr. Hess to state a cause of action for the reinstatement of his driver’s license.
Pursuant to La. C.C.P. art. 934, however, if a peremptory exception, such as an exception of no cause of action, “may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay ordered by the court.” Mr. Hess must now be given an opportunity to amend his petition to allege that his license was suspended for the first time only.[3]
CONCLUSION
Because Mr. Hess failed to comply with the requirements of La. C.C.P. art. 1704(A), we hereby reverse the trial court judgment. Additionally, this Court orders that Mr. Hess shall have fifteen (15) days from the date this opinion is rendered to amend his petition to allege that the current suspension of his driver’s license is his first suspension. If he does not do so, this suit shall be dismissed with prejudice. This case is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.

. La. R.S. 32:414(F)(4) provides in relevant part:
Any person ... whose license has been suspended ... shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides. That court is vested with jurisdiction to set the matter for hearing in open court upon ten days’ written notice to the department ....
(Emphasis added.) The Department claims in its brief that it did not receive notice of the hearing until it was served on October 26, 2004, which was only nine days before the hearing was held.

. La. C.C.P. art. 1701(A) provides in relevant part:
If a defendant ... fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.

. Although there is nothing in the record regarding whether Mr. Hess’ current driver's license suspension is his first such suspension, we note that the Department's brief refers to Mr. Hess having “multiple convictions of driving with a suspended driver's license.”